UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. SALANDER,

     Plaintiff,

                                  Case Number 12-12034
v.                                     Honorable David M. Lawson
                                  Magistrate Judge Laurie J. Michelson

LENNON VILLAGE and
LENNON POLICE DEPARTMENT,

     Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS [DKTS. 8, 9.]**

On May 7, 2012, *pro se* Plaintiff William J. Salander, an apparent resident of Lennon Village in Genesee County, filed a two-page narrative Complaint against Defendants Lennon Village and Lennon Police Department. (Dkt. 1, Compl.) The first sentence of the Complaint states, "fraud, harassment, putting me into the hospital, personal stress, going against my civil rights and constitutional rights and trespassing when not ask[ed] to be on property!" (*Id.* at Pg ID 1.) Plaintiff goes on to reference a property line dispute he has with a neighbor that has resulted in calls to the Lennon Police Department and some involvement by a Lennon Village Trustee. (*Id.*) There are no jurisdictional allegations or allegations supporting specifically identified causes of action. Defendants construe the references in the Complaint to "going against my civil rights and constitutional rights" (*id*) as an attempt by Plaintiff to allege a claim under 42 U.S.C. § 1983. (Dkt. 8, Mot. to Dismiss.) Presently before the Court is Defendants' June 13, 2012 Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*Id.*) On June 15, 2012, Plaintiff filed a Motion for Jury Trial which,

upon review, this Court construes as a response to Defendants' Motion to Dismiss. (Dkt. 9.) All pre-trial proceedings have been referred to this Court. The Court has carefully considered the parties' submissions and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, this Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED.

## I.    BACKGROUND

From the Court's review of the Complaint, it appears that Plaintiff has a dispute with his neighbor over their property line. (Compl. at Pg ID 1-2.) Plaintiff believed the neighbor was trespassing on his property, and he called the police after the neighbor allegedly threatened him. (*Id*. at 1.) Plaintiff alleges that the Lennon Village President, Clerk, and Building Inspector told him he could put a fence on his property line after paying $25 for a permit. (*Id*.) It appears, however, that Plaintiff had a dispute with the Police Commissioner/Lennon Village Trustee over the proper location of the property line. Plaintiff alleges that this (unnamed) Trustee was improperly surveying the property and also trespassed on the property. (*Id*) He further alleges that the Trustee is stalking, harassing, and slandering him. (*Id*. at 2.) The Complaint also indicates that, despite their prior permission regarding the fence, Township personnel told Plaintiff the fence had to be a certain type and a certain height. (*Id*.) According to Plaintiff, these Village personnel would also not allow him to have security cameras to protect his property. (*Id*.)

This property line dispute is the basis of Plaintiff's federal court lawsuit. The Complaint, however, does not set forth any separate causes of action. In terms of a possible federal claim – because there appears to be no basis for diversity jurisdiction – Plaintiff's Complaint includes two references to "going against my civil rights and constitutional rights." (*Id*. at 1-2.) In lieu of an

Answer, Defendants filed a Motion to Dismiss.  (Dkt. 8.)  Defendants contend that the Complaint

fails to state a claim against the Village of Lennon because it does not identify any wrongdoing by

the Village or specifically allege any violation of law by the Village.  (Mot. to Dismiss at ¶¶ 3-4.)

Defendants contend that the Complaint also fails to state a claim against the Lennon Police

Department because the Department is not a separate legal entity capable of being sued.  (*Id*. at ¶

5.)   In response, Plaintiff explains, in essence, that the Village Trustee and neighbor are still

harassing him.  (Dkt. 9.)  Plaintiff claims the Clayton Township Police have come to his home

because of such verbal assault and harassment, but they say they cannot do anything.  (*Id*. at 2.)

Plaintiff again argues that "my civil rights and constitutional rights have been violated!  Village is

responsible for their employee and board member!"  (*Id*.)

## II.     ANALYSIS

### A.     Legal Standard

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89,

94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and is held to "less stringent standards" than a

complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652

(1972).  Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v.

Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to

show a redressable legal wrong has been committed, *see* Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140

F. Supp. 2d 748, 755 (E.D. Mich. 2001).  When deciding a motion under Fed. R. Civ. P. 12(b)(6),

the court must construe the complaint in the light most favorable to the plaintiff, accept all factual

allegations as true, and determine whether the plaintiff has pled "enough factual matter" to "state

a claim to relief that is plausible on its face."  *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280

(6th Cir. 2010); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Even giving this *pro se* Complaint a liberal construction, it fails to state a claim upon which

relief can be granted by this Court.

### B.      The Lennon Village Police Department Is Not A Proper Defendant

Plaintiff has included the Village of Lennon Police Department among the parties "going

against [his] civil rights and constitutional rights."  (Compl. at 1-2.)  As Defendants point out,

however, "the police department is not a legal entity against whom a suit can be directed." *Laise*

*v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997).  Rather, "under Michigan law, municipal

police departments are considered agents of the municipality rather than independent entities capable

of being sued." *Mason v. City of Warren Police Department,* No. 10-14182, 2011 U.S. Dist. LEXIS

121809, at *8 ( E.D. Mich. Oct. 21, 2011) (citing *Haverstick Enterprises, Inc. v. Financial Federal*

*Credit, Inc.*, 32 F.3d 989, 992, n. 1 (6th Cir. 1994)); *see also id.* ("A suit against a city police

department in Michigan is one against the city itself, because the city is the real party in interest"

(citing Mich. Comp. Laws § 92.1)).

Since it cannot be a party to this case, Plaintiff has failed to state a claim upon which relief

can be granted against the Lennon Village Police Department.  Therefore, dismissal of the claims

against the Lennon Village Police Department is appropriate. *See id* (citing cases); *Miller v.*

*Dowagiac Police Dept.*, No. 96-2141, 1997 U.S. App. LEXIS 28739, at *10 (6th Cir. Oct. 14, 1997)

("[T]he district court disposed of the plaintiffs' claims against the Dowagiac Police Department and

the Cass County Sheriff's Department on the ground that they are not legal entities susceptible to suit under Michigan law. The plaintiffs have nowhere taken issue with this conclusion. Therefore, we affirm the district court's judgment with respect to those two defendants on this ground. . . ."); *Hirmuz v. City of Madison Heights*, 469 F. Supp. 2d 466, 484 (E.D. Mich. 2007) (reiterating that "in Michigan police departments generally cannot be sued in their own right because they are not a distinct legal unit apart from the municipality that creates them."); *Payne v. Wyandotte Police Dep't.*, No. 06-10908, 2006 U.S. Dist. LEXIS 25867, at * 5-6 (E.D. Mich. May 3, 2006) ("Since the Plaintiff in this case has listed the Wyandotte Police Department as a party defendant, case law provides that the Department must be dismissed as it is not recognized as a viable party subject to suit. Accordingly, Plaintiff's case against the Wyandotte Police Department is dismissed with prejudice.").

## C.    There Is No Viable Federal Claim Pled Against Lennon Village

Plaintiff has also named the municipality – Lennon Village – as a Defendant. Plaintiff is clearly upset with an unnamed Village Trustee who Plaintiff believes is helping his neighbor in their property line dispute and has somehow violated Plaintiff's civil and constitutional rights. (Compl. at 1-2.) Although Plaintiff does not state that he is bringing this action under 42 U.S.C. § 1983, this is the federal statute that provides a cause of action for redress against persons acting under color of law for "deprivation[s] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. A claim under § 1983 consists of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

Municipalities are considered "persons" within the meaning of section 1983; however, a municipality "cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, municipal liability will be found only when the alleged unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers." *Id*. at 689. A municipality is only liable when the custom or policy is the "moving force" behind the alleged deprivation of constitutional rights. *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In order to prove municipal liability, the Sixth Circuit requires a Plaintiff to: (1) identify the municipal policy or custom, (2) connect the policy or custom to the municipality, and (3) show that his particular injury was caused by execution of that policy or custom. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

The Court agrees with Defendants that Plaintiff's Complaint fails to identify any policy or custom of Lennon Village that caused Plaintiff's rights to be violated. Instead, Plaintiff is clearly relying on a respondeat superior liability. In arguing against Defendants' Motion to Dismiss, Plaintiff states that "[Lennon] Village is responsible for their employee and board member." (Dkt. 9 at 2.) A complaint which fails to plead the existence of a custom, policy or practice should be dismissed. *Laise*, 970 F. Supp. at 608 (citing *Fluellen v. U.S. Dept. of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206 (E.D. Mich. 1993) and *Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir. 1988)).[1]

_____

[1] Even if this Court could discern any viable state claim in Plaintiff's Complaint, which it cannot, it would recommend that the Court decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

### III.    CONCLUSION

Accordingly, because Plaintiff cannot allege a cause of action against the Lennon Village Police Department, and because he has failed to allege a viable cause of action against Lennon Village, this Court recommends that Defendants' Motion to Dismiss be GRANTED.

### IV.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: July 17, 2012                                          s/Laurie J. Michelson
                                                             Laurie J. Michelson
                                                             United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 17, 2012.

s/Jane Johnson
Deputy Clerk
